

SEND
"O"

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

CIVIL MINUTES - GENERAL

Case No.: SA CV 05-410 AHS (RNBx)          Date: November 27, 2006

Title: Deborah Poland, et al. v. Madison National Life Ins. Co.

========================================================================

PRESENT: **HON. ALICEMARIE H. STOTLER, CHIEF U.S. DISTRICT JUDGE**

Ellen Matheson                Not Present
Deputy Clerk                  Court Reporter

**ATTORNEYS PRESENT:** None

**PROCEEDINGS:** (IN CHAMBERS) ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; (2) DENYING DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE SECOND AMENDED COMPLAINT

## I. Procedural History

On March 22, 2005, plaintiffs Deborah Poland ("Poland") and Coastal Reinsurance Management ("Coastal") (collectively, "plaintiffs") filed their Complaint in the Orange County Superior Court. Defendant Madison National Life Insurance Company filed a notice of removal on May 2, 2005.

After the Court granted defendant's motion to dismiss the Complaint, plaintiffs filed the First Amended Complaint ("FAC") on December 12, 2005. On June 22, 2006, the Court granted Defendant's Motion to Dismiss FAC. The second, third, and sixth causes of action and Poland's cause of action for defamation were dismissed with prejudice. Coastal's claims for defamation and intentional interference with prospective economic advantage were dismissed without prejudice.

On July 10, 2006, plaintiffs filed a Second Amended Complaint ("SAC"). On July 21, 2006, defendant filed a Motion to Strike Portions of the Second Amended Complaint ("Motion to Strike SAC") and a Motion to Dismiss Portions of the Second Amended Complaint ("Motion to Dismiss SAC"). On August 7, 2006, plaintiffs filed opposition to both motions. On August 14, 2006,

---

MINUTES FORM 11                          INITIALS OF DEPUTY CLERK ___
CIVIL - GEN      ARG          D - M
S:\AHS\2arg\Minute Orders\Poland&Coastal-v-Madison Life.MTD&MTS-SAC.wpd

DOCKETED
NOV 30 2006
074
66

Case No.: <u>SA CV 05-410 AHS (RNBx)</u>		Date: <u>November 27, 2006</u>

Title:	<u>Deborah Poland, et al. v. Madison National Life Ins. Co.</u>

defendant filed replies thereto. The Court took the matter under submission on August 15, 2006.

**II. Summary of Second Amended Complaint**

Defendant has twice solicited Poland or her various business entities (including Coastal) to enter into business agreements, allegedly with the intent to gain access to plaintiff Poland's $10 million dollar "book of business." Defendant terminated the first such agreement with Poland and a now-defunct entity after a few months, and subsequently solicited and encouraged Poland's "book of business" to stop dealing with her, ceasing only when plaintiffs threatened litigation. Defendant entered into a second agreement with Coastal ("the Contract") effective January 1, 2005, under the terms of which Coastal agreed to manage, underwrite, and service defendant's medical excess loss insurance policies.

According to plaintiffs, while the Contract indicated that underwriting guidelines would be provided, they were not. On February 24, 2005, defendant sent a letter to plaintiffs purporting to terminate Coastal for cause, claiming that it continuously failed to follow the underwriting guidelines. Because Coastal never received underwriting guidelines, defendant wrongfully terminated the Contract.

Coastal alleges the following three claims against defendant: breach of contract, intentional interference with prospective economic advantage, and defamation. However, in the SAC, plaintiffs also reallege, for purposes of preserving for appeal, claims that were previously dismissed by the Court with prejudice, including fraud and deceit, negligent misrepresentation, and intentional infliction of emotional distress.

**III. Discussion**

**A.	Motion to Dismiss SAC**

**1.	Legal Standard**

A complaint should not be dismissed under Rule 12(b)(6) for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S.

Case No.: <u>SA CV 05-410 AHS (RNBx)</u>        Date: <u>November 27, 2006</u>

Title:    <u>Deborah Poland, et al. v. Madison National Life Ins. Co.</u>

41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). In other words, a court should dismiss a complaint that lacks a "cognizable legal theory" or that "lacks sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of a Rule 12(b)(6) motion, a court should accept the allegations of the complaint as true and view them in the light most favorable to the non-moving party. <u>Christopher v. Harbury</u>, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002).

### 2.  Analysis

Defendant moves to dismiss Coastal's fourth and fifth causes of action for intentional interference with prospective economic advantage ("IIPEA") and defamation. Defendant contends that Coastal fails to allege publication with regard to its defamation claim, and fails to allege independently wrongful conduct and economic harm with regard to its IIPEA claim.

#### a.  Defamation

Coastal adequately alleges a claim for defamation under the standard enunciated in <u>McKinney v. County of Santa Clara</u>, 110 Cal. App. 3d 787, 168 Cal. Rptr. 89 (1980). Under <u>McKinney</u>, a plaintiff may allege defamation without publication by the defendant "where the foreseeable republication is made by the person defamed operating under a strong compulsion to republish the defamatory statement." <u>Id.</u> at 797-98. In <u>McKinney</u>, such a situation was present because the plaintiff had to repeat the reasons for his dismissal to explain a negative job reference. <u>Id.</u> To determine whether the <u>McKinney</u> exception is applicable, the test is whether "because of some necessity [a plaintiff] was under to communicate the matter to others, it was reasonably anticipated that he would do so." <u>Live Oak Publishing Co. v. Gladys Cohagan</u>, 234 Cal. App. 3d 1277, 1285, 286 Cal. Rptr. 198 (1991) (internal quotation omitted). Defendant's reliance on <u>Davis v. Consolidated Freightways</u>, 29 Cal. App. 4th 354, 373, 34 Cal. Rptr. 2d 438 (1994), is unavailing because plaintiff's repetition of the reasons for his dismissal was unnecessary, and the <u>McKinney</u> exception did not apply. <u>Id.</u>

Here, Coastal alleges that it was compelled to republish the allegedly defamatory statement because the insurers

**MINUTES FORM 11**                            **INITIALS OF DEPUTY CLERK** ____
**CIVIL - GEN      ARG            D - M**
S:\AHS\2arg\Minute Orders\Poland&Coastal-v-Madison Life.MTD&MTS-SAC.wpd

3

Case No.: <u>SA CV 05-410 AHS (RNBx)</u>   Date: <u>November 27, 2006</u>

Title:   <u>Deborah Poland, et al. v. Madison National Life Ins. Co.</u>

with whom it was seeking agreements inquired about the reasons for termination of the Contract. Compl. ¶¶ 60, 61, 62. Coastal further alleges that it was foreseeable to defendant that Coastal would be compelled to disclose the alleged reason for termination of the Contract to other insurers because it was terminated so soon after the Contract went into effect. Compl. ¶ 60. Thus, viewing the facts in the light most favorable to Coastal, Coastal adequately pleads a claim under the <u>McKinney</u> exception.

### b.   Intentional Interference with Prospective Economic Advantage

To state a claim for IIPEA, a plaintiff must allege the following: (1) an economic relationship between plaintiff and a third party, with probable future economic benefit to plaintiff; (2) defendant's knowledge of the relationship; (3) intentional acts by defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to plaintiff proximately caused by acts of defendant. <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1154, 63 P.3d 937 (2003). The interfering conduct must be independently wrongful, i.e. "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." <u>Id.</u> at 1159.

Here, Coastal alleges an ongoing economic relationship between Coastal and its $10 million book of business. Compl. ¶¶ 5, 20, 51. Coastal alleges defendant's knowledge of the relationship. Compl. ¶ 42. Coastal alleges that defendant made independently wrongful defamatory statements designed to disrupt the relationship with its book of business by preventing Coastal from contracting with other insurers. Compl. ¶¶ 45-51. Coastal alleges actual disruption because Coastal has "been unable to underwrite policies for the companies" that were part of its book of business. Compl. ¶ 51. Finally, Coastal alleges harm proximately caused by defendant's defamatory statement. Compl. ¶ 51-52. Thus, viewing the facts in the light most favorable to Coastal, Coastal adequately pleads a claim for IIPEA.

## B.   Motion to Strike SAC

### 1.   Legal Standard

A court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Matter is immaterial if it has no essential relationship

4

Case No.: <u>SA CV 05-410 AHS (RNBx)</u>     Date: <u>November 27, 2006</u>

Title:   <u>Deborah Poland, et al. v. Madison National Life Ins. Co.</u>

to the claim for relief, and is impertinent if it consists of statements that are not necessary to the issues in question. <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).

### 2. Analysis

Defendant moves to strike certain portions of the SAC as immaterial or impertinent. In opposition, Coastal argues that it must include both Coastal's and Poland's dismissed claims in the SAC in order to preserve these claims for appeal. Coastal further argues that it has adequately alleged a claim for punitive damages with regard to its claims for intentional interference with prospective economic advantage and defamation, because it has alleged that defendant acted with malice, or intent to cause injury to Coastal. <u>See</u> Cal. Code Civ. Proc. § 3294(c).

The Court finds Coastal's opposition persuasive and therefore concludes that the claims need not be stricken and the paragraphs targeted for striking are not immaterial or impertinent because Coastal has stated claims for IIPEA, defamation, and punitive damages. Defendant's motion to strike is therefore denied.

### IV. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss the SAC is denied. Defendant's Motion to Strike is likewise denied.

The Clerk shall serve this minute order on counsel for all parties in this action.

**MINUTES FORM 11**          INITIALS OF DEPUTY CLERK ___
**CIVIL - GEN    ARG          D - M**
S:\AHS\2arg\Minute Orders\Poland&Coastal-v-Madison Life.MTD&MTS-SAC.wpd

5