DALE B. GOLDFARB, State Bar No. 65955         **MADE JS-6**
CAROL G. ARNOLD, State Bar No. 128379
HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2549
Telephone:  (213) 489-3222
Facsimile:   (213) 683-4835
E-Mail:       dgoldfarb@hfdclaw.com
              carnold@hfdclaw.com

Attorneys for Defendant,
MADISON NATIONAL LIFE INSURANCE
COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH POLAND and COSTAL REINSURANCE MANAGEMENT, <br><br> Plaintiff, <br><br> vs. <br><br> MADISON NATIONAL LIFE INSURANCE COMPANY, INC. and DOES 1 through 100, inclusive, <br><br> Defendant | CASE NO.: SACV05-410 GW (RNBx) <br> COURTROOM: 10 <br><br> **JUDGMENT ON JURY VERDICT** <br><br><br><br> Trial Date:        3/11/08 |

This action came on regularly for trial before this Court in Courtroom 10 of the United States District Court on March 11, 2008, the Honorable George H. Wu, judge presiding, plaintiff, COASTAL REINSURANCE MANAGEMENT (hereinafter "COASTAL"), appearing by attorneys, Nicholas W. Hornberger and Jason H. Gorowitz, and defendant, MADISON NATIONAL LIFE INSURANCE COMPANY, INC. (hereinafter "MADISON"), appearing by attorneys, Dale B. Goldfarb and Carol G. Arnold.

/ / /

S:\GW\CIVIL\Poland SA05-410\SA05CV00410GW-JGM.doc

A jury of eight (8) persons was regularly impaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return a verdict on special issues. The jury deliberated and thereafter returned into court with its verdict as follows:

"We, the Jury in the above-entitled action, find the following special verdict on the questions submitted to us as follows:

## BREACH OF CONTRACT

"1.  Were the contract terms clear enough that the parties could understand what each was required to do?

  __X__ YES                    _____ NO

  If your answer to question 1 is yes, then answer question 2. If you answered no, go to question 8.

"2.  Did the parties agree to the terms of the contract?

  __X__ YES                    _____ NO

  If your answer to question 2 is yes, then answer question 3. If you answered no, go to question 8.

"3.  Did Coastal do all, or substantially all, of the significant things that the contract required it to do?

  __X__ YES                    _____ NO

  If your answer to question 3 is yes, then answer question 4. If you answered no, answer question 8.

  _____ YES               _____ NO

"4.  Did Coastal waive or give up the right to have Madison provide written underwriting guidelines?

  __X__ YES                    _____ NO

Proceed to the next question.

"5. Did Madison fail to do something, other than not provide written underwriting guidelines, that the contract required it to do?

_____ YES     __X__ NO

If your answer to question 5 is yes, then answer question 6. If you answered no, go to question 8.

"6. Was Coastal harmed by that failure?

_____ YES     _____ NO

If your answer to question 6 is yes, then answer question 7. If you answered no, go to question 8.

"7. What are Coastal's contract damages?

    A. Past economic loss: $_____

    B. Future economic loss: $_____

                   TOTAL: $_____

Please proceed to the next question.

## DEFAMATION

"8. Was the statement by Madison to Coastal that Coastal failed to follow underwriting guidelines (choose only one of the following)?

_____ FALSE     __X__ SUBSTANTIALLY TRUE

If your answer to question 8 is "false," then answer question 9. If your answer is "substantially true," go to question 16.

"9. Was Coastal under strong pressure to communicate Madison's statement to Coastal that Coastal was terminated for failing to follow underwriting guidelines?

_____ YES     _____ NO

If your answer to question 9 is yes, then answer question 10. If no, go to question 16.

"10. When Madison made the statement, should it have known that Coastal would be under strong pressure to communicate it to another person(s)?

_____ YES                              _____ NO

If your answer to question 10 is yes, then answer question 11. If no, go to question 16.

"11. Did Madison fail to use reasonable care to determine the truth or falsity of the statement?

_____ YES                              _____ NO

If your answer to question 11 is yes, then answer question 12. If no, go to question 16.

"12. In making the statement to Coastal, did Madison act with hatred or ill will toward Coastal?

_____ YES                              _____ NO

If your answer to question 12 is yes, then answer question 13. If no, go to question 16.

"13. Did Coastal suffer harm to its business as a result of the statement?

_____ YES                              _____ NO

If your answer to question 13 is yes, then answer question 14. If no go to question 16.

"14. Was the statement a substantial factor in causing Coastal's harm?

_____ YES                              _____ NO

If your answer to question 14 is yes, then answer question 15. If you answered no, go to question 16.

"15. What are Coastal's damages?

   A.   Past economic loss:                              $_____

   B.   Future economic loss:                            $_____

/ / /

      C.     Value of business:                                     $_____

                                                  TOTAL:    $_____

## **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

"16. Did Coastal have an economic relationship with Group Administrators, ASR, and Benefit Plan Management that probably would have resulted in future economic benefits to Coastal?

      __X__ YES                                     _____ NO

If your answer to question 16 is yes, then answer question 17. If you answered no, go to question 23.

"17. Did Madison know of the relationships?

      __X__ YES                                     _____ NO

If your answer to question 17 is yes, then answer question 18. If you answered no, go to question 23.

"18. Did Madison intend to disrupt the relationships?

      _____ YES                              __X__ NO

"19. Did Madison engage in wrongful conduct through defamatory statements designed with the specific intent of causing Coastal to lose its economic relationships with those entities?

      _____ YES                              _____ NO

If your answer to question 19 is yes, then answer question 20. If you answered no, go to question 23.

"20. Were any of the relationships disrupted?

      _____ YES                              _____ NO

If your answer to question 20 is yes, then answer question 21. If you answered no, go to question 23.

/ / /

"21. Was Madison's wrongful conduct a substantial factor in causing harm to Coastal?

_____ YES            _____ NO

If your answer to question 21 is yes, then answer question 22. If you answered no, go to question 23.

"22. What are Coastal's damages for Intentional Interference with Prospective Economic Relations?

| | | |
|---|---|---|
| D. | Past economic loss: | $_____ |
| E. | Future economic loss: | $_____ |
| F. | Value of business: | $_____ |
| | TOTAL: | $_____ |

"Only answer question 23, if you found Madison liable for either Defamation or Intentional Interference with Prospective Economic Relations.  If you did not find Madison liable for either Defamation or Intentional Interference with Prospective Economic Relations, then date and sign and return this Verdict to the courtroom clerk or bailiff.

"23. Do you find, by clear and convincing evidence, that in defaming Coastal or in intentionally interfering with Coastal's prospective economic relations, Madison acted with malice, oppression or fraud against Coastal?

_____ YES            _____ NO

"Please date and sign and return this Verdict to the courtroom clerk or bailiff.

/ / /
/ / /
/ / /
/ / /

S:\GW\CIVIL\Poland SA05-410\SA05CV00410GW-JGM.doc

1  "SIGNED:  [s] FRED A. KRUGER
2            Presiding Juror

4  "DATED: 3/18/08                    "

6  Based upon the jury trial in this matter and it appearing by reason of said
7  verdict:

9  **NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND**
10 **DECREED:**

11 That defendant, MADISON NATIONAL LIFE INSURANCE COMPANY,
12 INC., is entitled to judgment against plaintiff, COASTAL REINSURANCE
13 MANAGEMENT and is further entitled to recover from plaintiff all costs
14 allowable under the law. Further that, said plaintiff, COASTAL REINSURANCE
15 MANAGEMENT take nothing.

17 DATED: April 10, 2008

                                    _____
                                    JUDGE OF THE DISTRICT COURT

S:\GW\CIVIL\Poland SA05-410\SA05CV00410GW-JGM.doc